[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION RE: DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL
CT Page 3623
The defendant has moved for a Judgment of Acquittal as to Counts Four and Six of the Amended Information, pursuant to § 42-51 of the Practice Book.
A. Findings
The defendant claims:
 1. The evidence in this case does not support a guilty finding on the Fourth and Sixth Counts;
 2. The statute governing Sexual Assault in the Fourth Degree [(CGS § 53a-73a(a)(1)(A)] is unconstitutionally vague, not on its face, but as applied to the facts of this case:
 3. There was no evidence presented in this case to support a finding by the jury that the defendant touched the victim's breasts for his sexual gratification, or, for the purpose of humiliating or degrading the victim.
 4. The "Risk of Injury statute under which the Defendant has been charged has been repealed by implication as a result of the legislative amendments to The Risk of Injury statute." The defendant, therefore, claims he is not subject to criminal liability under the Sixth Count.
 The Court findings are:
 1. The Court finds that there was sufficient evidence to support the jury's verdict under the Fourth and Sixth Counts.
2. The Court finds the Statute governing Sexual Assault in the Fourth Degree [CGS § 53a-73a(a)(1)(A)] is not unconstitutionally vague as applied to the facts of this case. CT Page 3624
 3. The Court also finds that there was sufficient evidence to support the jury's finding that the defendant touched the victims breasts for either his sexual gratification, or to humiliate or degrade the victim.
 4. Finally, the Risk of Injury statute is basically unchanged as it relates to this case.
A. Discussion
The Court must view the evidence in a light most favorable to support the verdict considering a Motion for Judgment of Acquittal. State v. Joyner, 225 Conn. 450, 455-56 (1993). There was sufficient evidence, for the jury to have found the defendant guilty of the Fourth and Sixth Counts of the Amended Information.
There was testimony from the victim, that on two occasions the defendant rubbed her breasts. She testified that she did not want the defendant to rub her breasts either time. She also testified that it made her feel uncomfortable.
The jury could have found from the victims testimony, and from the evidence related to her stage of sexual development, at the time of each incident, that she was humiliated or degraded by the unwanted touching. The jury could have found from other evidence, and reasonable inferences from evidence, that the defendants purpose in touching the victims breasts was to humiliate or degrade the victim. Examples of this evidence include the following: The defendant testified that he once said to the victim that she had "nice boobs for her age (twelve years old)." The victim testified that the defendant looked down her shirt at her breasts, on several occasions, including times when she was not wearing a bra. She told him that he should not look at her in that manner. The defendant also testified that he once frontally exposed himself, while totally naked, to the victim and said: "Okay now you've seen me naked, and seen my penis." The defendant testified that he told his wife about this incident, but his wife testified that he did not tell her about the incident at the time it happened. There was also testimony that the defendant "mooned" the victim on more than one occasion.
The defendant claims he did not rub the victims breasts. He only admitted cross-examination that he might have touched her CT Page 3625 breasts when putting lotion on her (once for a rash and once for a sunburn). There was evidence that he denied even this "innocent" touching of her breasts m several conversations with police, therapists, and DCF investigator. He only admitted touching her breasts when confronted with his prior inconsistent statement regarding this subject, which he had given to Detective Palombizio.
From all of those circumstances the jury could have inferred that he did rub the victim's breasts on two separate occasions and the purpose was either for his sexual gratification or, more likely, for the purpose of humiliating or degrading the victim.
The respondent claims the statute governing Sexual Assault in the Fourth Degree [(CGS § 53a-73a(a)(1)(A)] is unconstitutionally vague as applied to the facts in this case. The crux of his argument is that he could not have known that his "innocent" touching of the victims breasts for the purpose of treating her medical conditions (a rash on one occasion, and sunburn on another) could be construed as sexual assault. That argument assumes the only reasonable explanation for touching the victims breasts, supported by the evidence, is the defendants version. As noted above, there was sufficient evidence presented at trial to support the jury's conclusion that the defendant's touching the breasts of the victim was not an innocent act of providing medical attention to the victim. If the evidence supports the jury's finding that the defendants touching of the victim's breasts was not for medical treatment purposes then the defendants "Void for Vagueness" argument fails.
The jury could have inferred a "non-innocent" touching based upon:
 1. Defendants numerous denials until he was cross-examined at trial. Even at trial, he only admitted touching the victims breasts, when confronted with his own prior inconsistent statement.
 2. The victim's testimony that the touching was unwanted and made her fell uncomfortable;
3. The victims testimony, corroborated, at least in part, by the testimony of the defendants wife, that the rash and sunburn did not extend onto the victim's breasts; CT Page 3626
 4. The crass and inappropriate comments the defendant admittedly made to the victim;
 5. The victims testimony that the defendant made inappropriate comments to her exposed his penis to her, "mooned" her, and looked at her breasts under her loose shirt on several occasions.
There is substantial evidence to support the states claim that the defendant rubbed the victims breasts for "non-innocent" reasons. The Court, therefore, does not find the statute to be vague "as applied" to the facts in this case. The defendants claim that he rubbed lotion on the victims rash and sunburn and did not rub the victims breasts for inappropriate reasons is not a credible explanation.
Based upon the evidence, and reasonable inferences from the evidence, the jury could have found that the defendant touched the victims breasts for the purpose of degrading or humiliating the victim. The evidence supporting this conclusion is discussed in detail above.
Finally, the jury's verdict under the Risk of Injury Statute is clearly supported by the same incidents that form the basis for the conviction under the Fourth Count. The evidence also supports a finding that he violated the Risky of Injury statute by exposing his naked penis to the victim, or by touching his penis and/or masturbating in the victims presence. State v.Rodriguez, 200 Conn. 685, 687-88 (1986).
The defendant claims this section of the Risk of Injury Statute was repealed "by implication" as to the result of legislative amendments to the Risk of Injury Statute. The defendant failed to cite any authority for this proposition or to expound on this claim. The Court notes that the section of the Risk of Injury Statute under which the defendant is charged is virtually identical to the former Risk of Injury Statute.
The various acts alleged under the Sixth Count, would each support a conviction. The State originally had two additional allegations in the Sixth Count that were not criminal in nature. Acting upon defendants motion, the Court ordered the State to amend its information to remove those allegations. The various allegations that remain in the Sixth Count, each properly form a basis for criminal liability. CT Page 3627
For all the reasons set forth above, the defendants Motion for Judgment of Acquittal is Denied.
BY THE COURT, HON. JONATHAN J. KAPLAN